IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DWAYNE SPURELL, | No. 4:25-CV-00772 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| JOHN RIVELLO, *et al.*, | |
| Defendants. | |

MEMORANDUM OPINION

JULY 31, 2025

Plaintiff Dwayne Spurell filed the instant *pro se* Section 1983[1] lawsuit, alleging constitutional violations by officials at the State Correctional Institution, Huntingdon (SCI Huntingdon), in Huntingdon, Pennsylvania. Because Spurell fails to state a claim upon which relief may be granted, the Court will dismiss his complaint pursuant to 28 U.S.C. § 1915A(b)(1) but will grant him leave to amend.

**I.    BACKGROUND**

Spurell alleges that, on May 7, 2023, he was physically attacked and sexually assaulted (*i.e.*, "groped, harassed, and humiliated") by several unknown assailants in the shower at SCI Huntingdon.[2] Although Spurell does not explicitly

---

[1]   42 U.S.C. § 1983. Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials. The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law. *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

[2]   Doc. 1 at 4.

say, it appears that the assailants were other inmates.[3]  Spurell claims that during and following the assault, unspecified corrections officers (who had heard the assault) neglected to respond or intervene.[4]  He further alleges that unspecified officers "refused to take [him] to or inform medical" following the assault and instead concealed his injuries by keeping him in the RHU and then transferring him to another prison.[5]  Lastly, he appears to assert that he was retaliated against by unspecified prison officials by having his grievances thrown out or destroyed and by being transferred to a different prison.[6]

Spurell lodged the instant Section 1983 complaint in this Court on May 2, 2025.[7]  He names five defendants: Facility Manager "John" Rivello, Unit Manager "Jane" Yost, Security Lieutenant "Jane" Strong, Maintenance Supervisor "John" Kennedy, and Clothing Supervisor "John" Snare.[8]  As best as the Court can discern, he is asserting four Section 1983 claims: (1) Eighth Amendment failure to protect; (2) First Amendment retaliation; (3) First and Fourteenth Amendment denial of access to courts; and (4) Fourteenth Amendment deprivation of property without due process of law.[9]  He alleges physical and mental injuries and seeks

---

[3]   *See id.*
[4]   *Id.*
[5]   *Id.*
[6]   *Id.*
[7]   *See generally* Doc. 1.
[8]   *Id.* at 1-3.  It appears that, by using "John" and "Jane" monikers, Spurell is acknowledging that he does not know the first name of any of the five Defendants.
[9]   *See id.* at 5.  Spurell also asserts an undeveloped due process claim invoking the Fifth Amendment.  *See id.*  However, because he is suing only state government officials, he has

compensatory and punitive damages.[10]  However, the Court must dismiss Spurell's complaint because he fails to state a claim upon which relief may be granted.

## II.    STANDARDS OF REVIEW

Courts are statutorily obligated to review, "as soon as practicable," *pro se* prisoner complaints targeting governmental entities, officers, or employees.[11]  One basis for dismissal at the screening stage is if the complaint "fails to state a claim upon which relief may be granted[.]"[12]  This language closely tracks Federal Rule of Civil Procedure 12(b)(6).  Accordingly, courts apply the same standard to screening a *pro se* prisoner complaint for sufficiency under Section 1915A(b)(1) as they utilize when resolving a motion to dismiss under Rule 12(b)(6).[13]

In deciding a Rule 12(b)(6) motion to dismiss, courts should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."[14]  The court must accept as true the factual

---

provided no basis for a claim under the Fifth Amendment, which pertains exclusively to action by the federal government.  *See B & G Constr. Co. v. Dir., Office of Workers' Comp. Programs*, 662 F.3d 233, 246 n.14 (3d Cir. 2011); *Bieregu v. Reno*, 59 F.3d 1445, 1454 (3d Cir. 1995) (noting that due process claim against federal officials arises under Fifth Amendment), *overruled on other grounds by Lewis v. Casey*, 518 U.S. 343 (1996); *Nguyen v. U.S. Cath. Conf.*, 719 F.2d 52, 54 (3d Cir. 1983) (per curiam) (explaining that Fifth Amendment applies only to "federal governmental action").

[10] Doc. 1 at 5.
[11] *See* 28 U.S.C. § 1915A(a).
[12] *Id.* § 1915A(b)(1).
[13] *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 109-10 & n.11 (3d Cir. 2002); *O'Brien v. U.S. Fed. Gov't*, 763 F. App'x 157, 159 & n.5 (3d Cir. 2019) (per curiam) (nonprecedential); *cf. Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000).
[14] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *see Nami v. Fauver,* 82 F.3d 63, 66 (3d Cir. 1996).

allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff.[15] In addition to the facts alleged on the face of the complaint, the court may also consider "exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents" attached to a defendant's motion to dismiss if the plaintiff's claims are based upon these documents.[16]

When the sufficiency of a complaint is challenged, the court must conduct a three-step inquiry.[17] At step one, the court must "tak[e] note of the elements [the] plaintiff must plead to state a claim."[18] Second, the court should distinguish well-pleaded factual allegations—which must be taken as true—from mere legal conclusions, which "are not entitled to the assumption of truth" and may be disregarded.[19] Finally, the court must review the presumed-truthful allegations "and then determine whether they plausibly give rise to an entitlement to relief."[20] Deciding plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[21]

---

[15] *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).
[16] *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) (citing *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)).
[17] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotation marks omitted) (footnote omitted).
[18] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) (alterations in original)).
[19] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[20] *Id.* (quoting *Iqbal*, 556 U.S. at 679).
[21] *Iqbal*, 556 U.S. at 681.

Because Spurell proceeds *pro se*, his pleadings are to be liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]"[22] This is particularly true when the *pro se* litigant, like Spurell, is incarcerated.[23]

## III.  DISCUSSION

Upon review of Spurell's complaint, he fails to state a Section 1983 claim upon which relief may be granted.  The Court will address his pleading deficiencies in turn.

### A.  Personal Involvement

It is well established that, in Section 1983 actions, liability cannot be "predicated solely on the operation of *respondeat superior*."[24]  Rather, a Section 1983 plaintiff must aver facts that demonstrate "the defendants' personal involvement in the alleged misconduct."[25]  Personal involvement can include direct wrongful conduct by a defendant, but it can also be demonstrated through allegations of "personal direction" or of "actual knowledge and acquiescence"; however, such averments must be made with particularity.[26]  Furthermore, it is

---

[22] *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citations omitted).
[23] *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020) (citation omitted).
[24] *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (affirming same principle in *Bivens* context).
[25] *Dooley*, 957 F.3d at 374 (citing *Rode*, 845 F.2d at 1207).
[26] *Id.* (quoting *Rode*, 845 F.2d at 1207).

equally settled that involvement in the post-incident grievance process alone does not give rise to Section 1983 liability.[27]

Spurell's first and primary pleading deficiency is his failure to allege personal involvement by any Defendant. Although he sues five specific prison officials, he does not include any allegations of wrongdoing by these officials that would establish personal involvement in the purported constitutional violations. Their names, in fact, appear only in the caption and defendant-identification of the form complaint. To plausibly plead a Section 1983 claim, however, Spurell must specify each Defendant's personal involvement in the alleged constitutional misconduct. Moreover, that conduct cannot simply be involvement in the post-incident grievance process. Accordingly, the Court must dismiss the Section 1983 claims against all Defendants pursuant to 28 U.S.C. § 1915A(b)(1) for lack of personal involvement.

### B. First and Fourteenth Amendment Access to Courts

Under the First and Fourteenth Amendments to the United States Constitution, "prisoners retain a right of access to the courts."[28] Inmates, however,

---

[27] *See id.* (affirming dismissal of claims against prison officials for lack of personal involvement when officials' "only involvement" was "their review and denial of [plaintiff]'s grievance"); *Lewis v. Wetzel*, 153 F. Supp. 3d 678, 696-97 (M.D. Pa. 2015) (collecting cases); *Brooks v. Beard*, 167 F. App'x 923, 925 (3d Cir. 2006) (nonprecedential); *Alexander v. Gennarini*, 144 F. App'x 924, 925 (3d Cir. 2005) (nonprecedential) (explaining that prisoner's claims against certain defendants were "properly dismissed" because the allegations against them "merely assert their involvement in the post-incident grievance process").
[28] *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) (citing *Lewis v. Casey*, 518 U.S. 343, 346 (1996)).

may only proceed on access-to-courts claims in two situations: "challenges (direct or collateral) to their sentences and conditions of confinement."[29] To adequately plead an access-to-courts claim that is backward-looking in nature,[30] the prisoner must allege "(1) that they suffered an 'actual injury'—that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy that may be awarded as recompense' for the lost claim other than in the present denial of access suit."[31] The underlying claim must be described well enough to demonstrate that it is "more than hope," and the complaint must set out the "lost remedy."[32]

Simple recitation of the access-to-courts elements reveals that Spurell's claim fails. While he asserts in a conclusory manner that SCI Huntingdon officials infringed his "access to the court" (possibly through their alleged interference with the grievance process), he has not plausibly alleged any element of this cause of action. First, and most importantly, Spurell has not alleged that he lost the opportunity to pursue a nonfrivolous underlying challenge to his criminal sentence or a conditions-of-confinement claim. In fact, there is no "underlying claim" mentioned in his complaint. If Spurell is intending to imply that prison officials

---

[29] *Id.* (citing *Lewis*, 518 U.S. at 354-55).
[30] There is also a category of access-to-courts claims that is forward-looking, in which plaintiffs allege that "systematic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time." *Christopher v. Harbury*, 536 U.S. 403, 413 (2002).
[31] *Monroe*, 536 F.3d at 205 (quoting *Christopher*, 536 U.S. at 415).
[32] *See Christopher*, 536 U.S. at 416-17.

7

interfered in the filing of the instant case, that allegation is self-defeating: the Court has received and is screening Spurell's Section 1983 lawsuit, and therefore no access has been denied.

Second, Spurell has not plausibly alleged that he has no other remedy besides an access-to-courts lawsuit. Again, the instant lawsuit asserting his claims of failure to protect, due process, and retaliation render any such contention meritless. Thus, Spurell's complaint does not plausibly state an access-to-courts violation. This claim, therefore, must be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

### C.  First Amendment Retaliation

Although a prisoner's constitutional rights are necessarily circumscribed, an inmate still retains First Amendment protections when they are "not inconsistent" with prisoner status or with the "legitimate penological objectives of the corrections system."[33] To state a First Amendment retaliation claim, a plaintiff must plausibly plead that (1) "he was engaged in constitutionally protected conduct," (2) he suffered an "adverse action" by prison officials sufficient to deter a person of ordinary firmness from exercising his First Amendment rights, and

---

[33] *Wisniewski v. Fisher*, 857 F.3d 152, 156 (3d Cir. 2017) (quoting *Newman v. Beard*, 617 F.3d 775, 781 (3d Cir. 2010)).

(3) the plaintiff's protected conduct was a "substantial or motivating factor" in the prison officials' decision to take the adverse action.[34]

Spurell's retaliation claim is largely undeveloped. Liberally construed, his complaint may be asserting that—for attempting to file a grievance regarding the May 7, 2023 attack—he was retaliated against by unspecified prison officials by having his grievances destroyed and by being transferred to a different prison.

These allegations, however, do not plausibly allege an actionable adverse action. Spurell asserts that he was transferred to SCI Frackville, approximately two and a half hours away from SCI Huntingdon and likewise situated within the Middle District of Pennsylvania. Mere transfer to a nearby prison, without more, would not deter a person of ordinary firmness from exercising their First Amendment rights.[35]

Spurell also appears to assert that he was retaliated against for attempting to file a grievance by having his grievances and requests "disposed of" or destroyed. While repeated and pervasive interference with the grievance process could

---

[34] *Id.* (quoting *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)); *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (quoting *Rauser*, 241 F.3d at 333).

[35] *See Collazo v. Rozum*, 646 F. App'x 274, 276 (3d Cir. 2016) (nonprecedential) (explaining that inmate had failed to allege "how the prison transfer was an adverse action"); *cf. Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001) (noting that transfer to a distant prison where family could not visit could implicate adverse action); *Siggers-El v. Barlow*, 412 F.3d 693, 702, 704 (6th Cir. 2005) (finding that prison transfer which caused loss of prison job and limited access to plaintiff's attorney could amount to an adverse action); *Williams v. Wetzel*, No. 1:17-CV-79, 2020 WL 583983, at *8 (M.D. Pa. Feb. 6, 2020) (finding that prison transfer was adverse action where it "punitively detach[ed] Plaintiff from his loved ones and/or visitation" and affected his parole recommendation).

9

potentially rise to the level of an adverse action, Spurell has not plausibly alleged such an extreme level of misconduct. And, in any event, he has not asserted *who* was allegedly interfering with his grievances, thus rendering his retaliation claim untethered to any Defendant and lacking causation. For these reasons, Spurell's retaliation claim must be dismissed under Section 1915A(b)(1) for failure to state a claim.

### D.  Fourteenth Amendment Deprivation of Property

Spurell also alleges that prison officials lost or destroyed his personal property.[36] As best as the Court can discern, he appears to be raising a Fourteenth Amendment claim of deprivation of property without due process of law.[37] This constitutional tort, however, has significantly limited application. Specifically, such a due process claim is unavailable when "adequate state post-deprivation remedies are available."[38]

Spurell's complaint is silent as to whether adequate state post-deprivation remedies exist for the alleged loss of his personal property. However, the Court observes that state tort law likely provides a remedy for claims like those Spurell is asserting.[39] The United States Court of Appeals for the Third Circuit has also held

---

[36] Doc. 1 at 5.
[37] *See Hudson v. Palmer*, 468 U.S. 517 530, 533 (1984).
[38] *Id.* at 533.
[39] *See* 42 PA. CONS. STAT. § 8522(a), (b)(3) (waiving state statutory sovereign immunity for negligent acts related to the "care, custody or control of personal property in the possession or control of Commonwealth parties"); *Cruz v. SCI-SMR Dietary Servs.*, 566 F. App'x 158, 160 (3d Cir. 2014) (nonprecedential) (noting that district court correctly dismissed Fourteenth

10

that the prison grievance process constitutes an adequate post-deprivation remedy for claims like those asserted here, even if the plaintiff disagrees with the results.[40] Thus, if Spurell is attempting to raise a Fourteenth Amendment deprivation-of-property claim with respect to the loss or destruction of his personal property, that claim fails as a matter of law and must be dismissed pursuant to Section 1915A(b)(1) as well.

### E.     Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act of 1995] should receive leave to amend unless amendment would be inequitable or futile."[41]  Spurell will be granted leave to amend in the event that he can plead facts that would plausibly state a Section 1983 claim with respect to his failure-to-protect and retaliation allegations.

His First and Fourteenth Amendment access-to-courts claim and his Fourteenth Amendment deprivation-of-property claim, however, will be dismissed with prejudice, as those claims are legally—rather than factually—deficient. Granting leave to amend these claims would be futile, as the substance of the claims does not, and cannot, state a constitutional violation.  Finally, to the extent

---

Amendment due process property deprivation claim due to existence of state post-deprivation remedies); *see also Shonberger v. Oswell*, 530 A.2d 112, 114 (Pa. Super. Ct. 1987) (explaining intentional tort of conversion).
[40]    *See Tillman v. Lebanon Cnty. Corr. Facility*, 221 F.3d 410, 422 (3d Cir. 2000).
[41]    *Grayson*, 293 F.3d at 114.

that Spurell is attempting to assert a Fifth Amendment due process claim, that claim will also be dismissed with prejudice, as his complaint does not involve action by the federal government.

If Spurell chooses to file an amended complaint in conformity with this Memorandum, it should be a stand-alone document, complete in itself and without reference to any previous pleadings.  The amended complaint should set forth his Eighth Amendment failure-to-protect and First Amendment retaliation claims in short, concise, and plain statements, and in sequentially numbered paragraphs. Spurell must address the pleading deficiencies outlined above.  He must leave one-inch margins on all four sides of his pleading.[42]  Spurell *may not* include claims that have been dismissed with prejudice.  He must name proper defendants and specify the offending actions taken by a particular defendant.  He must also sign the amended complaint and indicate the nature of the relief sought.

If Spurell does not timely file an amended complaint, dismissal of any Section 1983 claims without prejudice will automatically convert to dismissal with prejudice and the Court will close this case.

## IV. CONCLUSION

Based on the foregoing, the Court will dismiss Spurell's Section 1983 claims pursuant to 28 U.S.C. § 1915A(b)(1) because he fails to state a claim upon which

---

[42] *See* LOCAL RULE OF COURT 5.1.

relief may be granted. Spurell may file an amended complaint in accordance with this Memorandum. If no amended complaint is timely filed, dismissal without prejudice will automatically convert to dismissal with prejudice and the Court will close this case. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge